IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 15-00225-SOM-02 |
|---|---|---|
| Plaintiff, | ) | ORDER DENYING DEFENDANT LEONARD BALGAS'S MOTION FOR COMPASSIONATE RELEASE |
| vs. | ) | |
| LEONARD BALGAS, | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT LEONARD BALGAS'S
MOTION FOR COMPASSIONATE RELEASE**

I.      INTRODUCTION.

In 2019, following a guilty plea, Defendant Leonard Balgas was sentenced to 48 months of incarceration, five years of supervised release, and a $100 special assessment. *See* ECF No. 216. Given good time credit, Balgas, who is 68 years old, has a projected release date of December 30, 2022. ECF No. 226, PageID # 1190, ECF No. 231, PageID # 1504. Balgas has been in custody since his bail was revoked on August 6, 2019, meaning that he has served slightly less than two years of his four-year sentence. *See* ECF No. 214.

Balgas is incarcerated at FCI Terminal Island in California. FCI Terminal Island currently houses 678 inmates. https://www.bop.gov/locations/institutions/trm/ (last visited June 23, 2021). As of the morning of June 23, 2021, FCI Terminal Island has no active COVID-19 cases in its inmate population and

2 active COVID-19 cases among staff members, with 481 inmates and 47 staff members having recovered from COVID-19. https://www.bop.gov/coronavirus/ (last visited June 23, 2021). Ten inmates have died. *Id.* As of the morning of June 23, 2021, 416 inmates and 179 staff members at FCI Terminal Island have been fully vaccinated against COVID-19. *Id.* On June 16, 2021, Balgas received his first dose of the vaccine, and he is scheduled to receive his second dose on July 7, 2021. ECF No. 236-1, PageID # 1546.

Balgas now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The primary basis for his motion is the COVID-19 pandemic. Balgas claims that his diabetes, hypertension, and obesity make him more likely to suffer serious complications if he contracts COVID-19. ECF No. 717-4, PageID # 5132-33. After considering Balgas's medical conditions, the time remaining on his sentence, and his history, this court concludes that he has not demonstrated that extraordinary and compelling circumstances warrant a reduction in his sentence at this time. Accordingly, his motion for compassionate release is denied.

**II.      ANALYSIS.**

Balgas's compassionate release request is governed by 18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court . . . upon motion of the
> defendant after the defendant has fully
> exhausted all administrative rights to appeal
> a failure of the Bureau of Prisons to bring a

2

> motion on the defendant's behalf or the lapse
> of 30 days from the receipt of such a request
> by the warden of the defendant's facility,
> whichever is earlier, may reduce the term of
> imprisonment (and may impose a term of
> probation or supervised release with or
> without conditions that does not exceed the
> unserved portion of the original term of
> imprisonment), after considering the factors
> set forth in section 3553(a) to the extent
> that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons
> warrant such a reduction . . . .
>
> and that such a reduction is consistent with
> applicable policy statements issued by the
> Sentencing Commission.

In other words, for the court to exercise its authority under § 3582(c)(1)(A), it must (1) find that the defendant exhausted his administrative remedies or that 30 days have passed since he filed an administrative compassionate relief request; (2) also find, after considering the factors set forth in section 3553(a), that extraordinary and compelling reasons warrant a sentence reduction; and (3) find that such a reduction is consistent with the Sentencing Commission's policy statements (assuming there are any policy statements applicable to this motion). *See United States v. Scher*, 2020 WL 3086234, at *2 (D. Haw. June 10, 2020).

### A. Balgas Has Satisfied the Time-lapse Requirement of 18 U.S.C. § 3582(c)(1)(A).

On March 16, 2021, the warden at FCI Terminal Island denied Balgas's administrative request for compassionate release. ECF No. 226-2, PageID # 1227. The Government therefore agrees

3

that Balgas has "fulfill[ed] the time lapse requirement in 18 U.S.C. § 3582(c)(1)(A)."  ECF No. 231, PageID # 1507.

> **B. This Court Has Discretion in Determining Whether Extraordinary and Compelling Reasons Justify a Reduced Sentence.**

This court turns to § 3582(c)(1)(A)'s second requirement: whether extraordinary and compelling reasons warrant a sentence reduction.  In orders addressing compassionate release motions in other cases, this court has expressly recognized that it possesses considerable discretion in determining whether a particular defendant has established the existence of extraordinary and compelling reasons that justify early release.

This court has also stated that, in reading § 3582(c)(1)(A) as providing for considerable judicial discretion, the court is well aware of the absence of an amended policy statement from the Sentencing Commission reflecting the discretion given to courts when Congress amended the statute to allow inmates themselves to file compassionate release motions. *United States v. Mau*, 2020 WL 6153581 (D. Haw. Oct. 20, 2020); *United States v. Scher,* 2020 WL 3086234, at *2 (D. Haw. June 10, 2020); *United States v. Cisneros*, 2020 WL 3065103, at *2 (D. Haw. Jun. 9, 2020); *United States v. Kamaka*, 2020 WL 2820139, at *3 (D. Haw. May 29, 2020).  Specifically, this court has recognized that an Application Note to a relevant sentencing guideline is outdated.  This court continues to view its discretion as not

4

limited by Sentencing Commission pronouncements that are now at odds with the congressional intent behind recent statutory amendments. *Mau*, 2020 WL 6153581; *see also United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020) ("[W]e read the Guideline as surviving, but now applying only to those motions that the BOP has made."); *cf. United States v. Ruffin*, 978 F.3d 1000, 1007-08 (6th Cir. 2020) (noting that some courts have held that the Application Note is not "applicable," but not deciding the issue).

Recently, the Ninth Circuit has expressly recognized that there is no applicable Sentencing Commission policy statement governing compassionate release motions filed by defendants under § 3582(c)(1)(A). Nevertheless, while the Sentencing Commission's statements in U.S.S.G § 1B1.13 are not applicable policy statements that are binding on this court, they may inform this court's discretion. *See United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021) (per curiam).

> **C. Balgas Has Not Demonstrated That Extraordinary and Compelling Circumstances Justify His Early Release at This Time, or That the Requested Reduction Would Be Consistent with Any Applicable Sentencing Commission Policy Statement.**

Balgas contends that this court should exercise its discretion and find that extraordinary and compelling circumstances justify his early release. He relies primarily on the risks he faces if he contracts COVID-19. While the court

5

acknowledges the seriousness of Balgas's concerns, the COVID-19 pandemic does not justify early release at this time.

According to Balgas, he suffers from several conditions that may present particular risks relating to COVID-19, including type 2 diabetes, obesity (Balgas is obese, with a BMI of 31.6), and hypertension. ECF No. 226, PageID # 1196-1201. Under the CDC's guidance, those conditions may increase his risk of a severe illness if he contracts COVID-19.[1] Moreover, his age (Balgas is 68) may also increase his risk of a severe illness.[2] This court certainly agrees that Balgas has legitimate concerns about contracting COVID-19, but his medical conditions,[3] standing

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 23, 2021).

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html(last visited June 23, 2021).

[3] Balgas also asserts that he "cannot help himself off the ground, needs assistance with the restroom and showering, and can no longer provide self-care as a result of the deterioration of his body," that he is "mostly bound to his wheelchair all day," and that he "remains in his room on his bed at almost all waking hours." ECF No. 226-1, PageID # 1223-24. However, Balgas also acknowledges that he has the "assistance of an inmate companion," *id.*, and he does not specifically assert that the assistance that he is provided is insufficient to allow him to manage his conditions. In any event, before he was sentenced, Balgas also presented serious issues, which this court took into account in determining his sentence. In evaluating Balgas's compassionate release request, this court has again considered Balgas's physical health along with his vulnerability to COVID-19. For the reasons discussed below, Balgas has not shown that exceptional and compelling reasons warrant a reduction in his sentence at this time.

alone, are not exceptional and compelling reasons that warrant a reduction in sentence.

Several factors mitigate the risks that Balgas faces. First, Balgas received his first dose of the COVID-19 vaccine on June 16, 2021, and he will receive his second dose on July 7, 2021. ECF No. 236-1, PageID # 1546. According to the CDC, the "COVID-19 vaccines are effective in preventing COVID-19[.]" https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited June 23, 2021); *see also id.* ("Adults 65 years old and older who were fully vaccinated with an mRNA COVID-19 vaccine (Pfizer-BioNTech or Moderna) had a 94% reduction in risk of COVID-19 hospitalizations."); https://www.cdc.gov/vaccines/covid-19/info-by-product/pfizer/pfizer-bioNTech-faqs.html ("Clinical trial data demonstrated vaccine efficacy was 95.0% against symptomatic, laboratory-confirmed COVID-19 in persons without evidence of previous SARS-CoV-2 infection following receipt of 2 doses of Pfizer-BioNTech COVID-19 Vaccine.") (last visited June 23, 2021). This court is in no position to make a definitive determination about immunity, but the fact that Balgas will soon be fully vaccinated against COVID-19 cannot be ignored in any evaluation of whether there are extraordinary and compelling reasons warranting a reduction in his sentence.

Second, as of the morning of June 23, 2021, FCI

7

Terminal Island has no active cases of COVID-19 in its inmate population and two active cases of COVID-19 among staff members. FCI Terminal Island has had 481 inmates and 47 staff members recover from COVID-19, and 10 inmates have died. Those numbers demonstrate that FCI Terminal Island earlier had a significant COVID-19 problem. Its COVID-19 problem has been reduced but certainly not eliminated. Nevertheless, the relatively low number of current COVID-19 cases does not place Balgas at great risk of exposure to COVID-19, especially when 416 of the 678 inmates (61.3%) at FCI Terminal Island have been fully vaccinated against COVID-19.

In evaluating whether early release is justified, this court also must consider the factors set forth in § 3553(a). Two considerations are particularly relevant. The first is the amount of time Balgas has served. This court, after taking Balgas's circumstances and his medical conditions into account, sentenced him to 48 months in prison. That was a significant downward departure from the guideline range of 84 months to 105 months. *See* ECF No. 181, PageID # 1074. Balgas has served approximately 22 months of his 48-month sentence, and his projected release date is December 30, 2022. *See* ECF No. 231, PageID # 1504. A substantial reduction in the already-reduced sentence Balgas received would not appropriately punish him for his crime. Balgas may be largely confined to his cell because of

prison conditions, *see* ECF No. 226, PageID # 1211, but Balgas argues that he is not very mobile in any event.

Balgas's criminal history[4] also gives this court pause. Between 1972 and 1998, Balgas was convicted on 23 different occasions. ECF No. 181, PageID # 1059-1065. Although he apparently avoided criminal behavior for some time, by 2013 (at the latest) Balgas was distributing large quantities of heroin, which led to his conviction in the instant case. *See id.* at 1052-57. In addition, after he pled guilty, this court permitted Balgas to remain free on bail until he was sentenced. *See* ECF No. 107. Before sentencing, however, Balgas violated a condition of his release by testing positive for fentanyl on July 24, 2019, leading to the revocation of his release. *See* ECF No. 210, PageID # 1154; ECF No. 214. In short, his record is not encouraging.

Under § 3582(c)(1)(A), only extraordinary and compelling reasons can justify a reduction in an inmate's sentence. Having considered the amount of time remaining on Balgas's sentence, his history, and the totality of the medical information he has submitted, this court determines that the reasons raised by Balgas do not rise to the level of being

---

[4] Balgas's criminal history implicates several of the factors set forth in section 3553(a), including the history and characteristics of the defendant, the need for the sentence imposed to promote respect for the law, and the need to protect the public from further crimes of the defendant.

extraordinary and compelling reasons warranting a reduction in his sentence at this time.

**III.    CONCLUSION.**

Balgas's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.

It is so ordered.

DATED: Honolulu, Hawaii, June 23, 2021.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States v. Balgas*, CR. No. 15-00225-SOM-2, ORDER DENYING DEFENDANT LEONARD BALGAS'S MOTION FOR COMPASSIONATE RELEASE